IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BOBBY LEE COIL,

                              Plaintiff,                          ORDER

         v.                                                       12-cv-69-wmc

CAPT. BOISEN, SGT. KUSSMAUL, C/O MORIS,
C/O RILEY, DR. STACEY HOEM,
JONNI S. SHARPE, LT. DANE ESSER,
S. DIR. J. SWEENEY, WARDEN TIM HAINES,
DR. SHANA L. BECKER, DR. ANDERSON,
JOHN DOES (1-5) DEFENDANTS,
SGT. STEWART, LT. BROWN and
SGT. BRINKMAN

                              Defendants.

---

In response to this court's February 1, 2012, order, plaintiff Bobby Coil has submitted a certified copy of his six-month trust fund account statement so that I can determine whether he qualifies for indigent status and, if he does, calculate an initial partial payment of the $350 fee for filing this case. In determining whether a prisoner litigant qualifies for indigent status this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint.

From plaintiff's trust fund account statement, it appears that he presently has no means with which to pay an initial partial payment of the $350 fee for filing his complaint. However, plaintiff should be aware that he is obligated to pay the $350 filing fee, even if this court determines that he will not be permitted to proceed with his complaint *in forma pauperis* and even if he does not presently have funds with which to pay the fee. 28 U.S.C. § 1915(b)(1). His

account will be monitored and the fee must be taken in monthly installments when the funds exist.

Accordingly, IT IS ORDERED that plaintiff Bobby Coil's complaint is taken under advisement. As soon as the court's calendar permits, plaintiff's complaint will be screened pursuant to 28 U.S.C. § 1915(e)(2) to determine whether the case must be dismissed either because the complaint is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. Plaintiff will be notified promptly when such a decision has been made.

Further, the Clerk of Court is requested to insure that the court's financial records reflect that plaintiff Coil owes the $350 fee for filing this case, in accordance with the requirements of the Prison Litigation Reform Act.

Entered this 13th day of February, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge